IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Kimberly Carter, | ) | C/A No.  0:15-2583-HMH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Ronaldo Myers, *Director, in his individual and* | ) | **ORDER** |
| *official capacity*; Kathy Harrell, *Asst director,* | ) | |
| *in her individual and official capacity*; M. | ) | |
| Gordon, *Booking Officer, in her individual and* | ) | |
| *official capacity*; Sargent on duty, *in their* | ) | |
| *individual and official capacity*; Sargent | ) | |
| Angela Rice, *Inmate Records, in their* | ) | |
| *individual and official capacity*; Curtis | ) | |
| Bufford, *programs/admin/training, in his* | ) | |
| *individual and official capacity*; Lt. James | ) | |
| Hayes, *in individual and his official capacity*, | ) | |
| Alvin S. Glenn Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Kimberly Carter, a self-represented litigant, filed this action pursuant to 42 U.S.C.

§ 1983, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C.

§§ 2000cc et seq., alleging a violation of her constitutional rights.  This matter is before the court

on the plaintiff's motion for appointment of counsel.  (ECF No. 66.)  The defendants filed a response

in opposition (ECF No. 66), and Carter replied (ECF No. 70).  In her motion, Carter alleges that she

cannot afford an attorney.  She also alleges in her reply that she lacks knowledge of the law and that

her case is exceptional because plaintiffs in cases similar to hers have prevailed.  She further alleges

that the lawsuit is causing her stress.

PJG

There is no right to appointed counsel in § 1983 cases.  Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975).  The court may use its discretion to request counsel to represent an indigent in a civil action.  See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989).  However, such discretion "should be allowed only in exceptional cases."  Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it.  Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the plaintiff's filings thus far demonstrate a capacity to present her claims.  Further, the plaintiff has presented no evidence supporting a finding that any health issues would interfere with her ability to prosecute her claims.  Based on the pleadings before the court, the plaintiff writes well and appears capable of addressing the legal issues.  Accordingly, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would the plaintiff be denied due process if the court denied plaintiff's request for counsel.  Id.  Therefore, the plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 12, 2017
Columbia, South Carolina